BILL LOCKYER Attorney General DANIEL G. STONE Deputy Attorney General
THE HONORABLE DEAN FLOREZ, MEMBER OF THE STATE SENATE, has requested an opinion on the following question:
Does a certified used oil collection center's liability exemption for used oil collected from the public apply to used oil generated by the collection center's own oil — change business?
 CONCLUSION
A certified used oil collection center's liability exemption for used oil collected from the public does not apply to used oil generated by the collection center's own oil — change business.
 ANALYSIS
The Legislature has enacted a comprehensive statutory scheme, the Carpenter — Presley-Tanner Hazardous Substance Account Act (Health Saf. Code, §§ 25300-25395.45; "Act"),[1] authorizing corrective actions to be taken whenever releases or threatened releases of hazardous substances occur in the state. The program is operated by the California Environmental Protection Agency (§ 25310.5) and its Department of Toxic Substances Control (§ 25312; "Department").
When the Department takes a responsive action to a release or potential release of a hazardous substance (§§ 25355-25359.7), its costs are recoverable from those responsible for the release (§§ 25360, 25363, subd. (e)). The question presented for resolution concerns one particular exemption from liability that the Legislature has granted for such "clean up" costs. Subdivision (a) of section 25366.5 directs that "any person operating a certified used oil collection center . . . shall not be held liable in any cost recovery action" instituted by the Department with respect to "material received from the public as used oil":
 "Any public agency operating a household hazardous waste collection program or any person operating such a program under a written agreement with a public agency, or, for material received from the public as used oil, any person operating a certified used oil collection center as provided in Section 48660 of the Public Resources Code, shall not be held liable in any cost recovery action brought pursuant to Section 25360, including, but not limited to, any action to recover the fees imposed by Section 25343 or any action brought pursuant to subdivision (e) of Section 25363, for any waste that has been properly handled and transported to an authorized hazardous waste treatment, storage, or disposal facility at a location other than that of the collection program." (Italics added.)
We are asked whether section 25366.5's exemption from liability "for material received from the public as used oil" also applies to used oil generated by a collection center's own oil-change business. We conclude that it does not.
As indicated in section 25366.5, the operation of a certified used oil collection center is subject to the provisions of the Public Resources Code. (See Pub. Resources Code, §§ 48600-48691.) Public Resources Code section 48600 provides:
"The Legislature finds and declares the following:
 "(a) The problem posed by used oil disposal requires a comprehensive, statewide response, including, but not limited to, eliminating illegal disposal, reducing landfill disposal of used oil, reducing pollution from stormwater runoff, recycling of used oil into new uses, and the promotion of secondary markets for recycled oil products.
 "(b) That the improper or illegal disposal of used oil, often mixed with other solid waste, is a potential source of stormwater pollution and that environmental education and mitigation efforts regarding proper management of used oil and oil byproducts is within the purposes of this chapter.
 "(c) California currently generates about 161 million gallons of used lubricating and industrial oil each year, and only about 50 percent of that oil is recycled.
 "(d) The scarcity of used oil collection centers and programs, and the charges imposed on consumers for recycling used oil, create economic disincentives for recycling that could be addressed through a recycling incentive program.
 "(e) Used oil represents a valuable state resource that should be reclaimed and recycled whenever possible. An abundance of used oil recycling alternatives exist that have been demonstrated to be environmentally safe. These alternatives need to be promoted in order to achieve the maximum use of used oil and prevent damage to the environment.
 "(f) It is the intent of the Legislature to reduce the illegal disposal of used oil and recycle and reclaim used oil to the greatest extent possible in order to recover valuable natural resources and to avoid damage to the environment and threats to public health."
Separate from its collection activities, a certified used oil collection center may conduct an automotive business, such as a repair shop, service station, or "quick-lube" facility, on its premises. In these circumstances, does the exemption from liability contained in section 25366.5 apply to the used oil that is generated by the collection center's own oil — change business?
Our interpretation of section 25366.5 is guided by well established canons of statutory interpretation. "The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.]" (Select Base Materials v. Board of Equal. (1959) 51 Cal.2d 640, 645.) In seeking the Legislature's intent, we look first to the words used in the statute itself (California Teachers Assn. v. San Diego Community College Dist. (1981)28 Cal.3d 692, 698), giving the words their usual and ordinary meanings (Lungren v. Deukmejian (1988) 45 Cal.3d 727, 735). Also, "`statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible.'" (Walnut Creek Manor v. Fair Employment 
Housing Com. (1991) 54 Cal.3d 245, 268.) "`A statute must be construed "in the context of the entire statutory system of which it is a part . . . ."'" (People v. Hull (1991) 1 Cal.4th 266,272.) Finally, "[u]nless unreasonable or clearly contrary to the statutory language or purpose, the consistent construction of a statute by an agency charged with responsibility for its implementation is entitled to great deference. [Citation.]" (Dix v. Superior Court (1991) 53 Cal.3d 442, 460.)
Applying these principles of statutory interpretation, we find that section 25366.5 contains an express limitation: "for material received from the public as used oil." The Legislature has repeatedly distinguished between used oil collected from the public and used oil generated by a certified used oil collection center's own oil-change business. (See, e.g., Pub. Resources Code, §§ 48651, subd. (a) [used oil "collected from the public" and used oil "generated by the certified used oil collection center"]; 48660, subd. (b)(2) ["used lubricating oil brought to the center in containers" and "centers that generate used lubricating oil by servicing motor vehicles"].
In keeping with these differences drawn by the Legislature, the California Integrated Waste Management Board, which administers the certified used oil collection center program (Pub. Resources Code, § 48640), has also distinguished between the two sources of used oil in its adopted regulations. (See, e.g., Cal. Code Regs., tit. 14, § 18655.2, subd. (b) [used oil "collected from the public" and used oil "generated on-site by the used oil collection center"].) More significantly, in administering the Act's provisions, the Department has consistently interpreted section 25366.5 as providing an exemption from liability only for used oil collected from the public and not for used oil generated by a collection center in conducting its own oil-change business.
Whether the exemption of section 25366.5 should be extended to used oil generated by a collection center is for the Legislature to determine. If it wishes to treat both sources of used oil the same, it knows how to do so. (See Pub. Resources Code, § 48651; Safer v. Superior Court (1975) 15 Cal.3d 230, 237-238; Board of Trustees v. Judge (1975) 50 Cal.App.3d 920, 927.) All that we decide here is that the Act, as currently written, provides a liability exemption with respect to used oil "received from the public" and not for used oil generated by a collection center's own separate business. The distinction drawn between the two sources of used oil constitutes a reasonable exercise of legislative discretion.[2]
We conclude that a certified used oil collection center's liability exemption for used oil collected from the public does not apply to used oil generated by the collection center's own oil-change business.
[1] References hereafter to the Health and Safety Code are by section number only.
[2] We note that the Legislature has provided an additional incentive for an automotive oil-change business to act as a collection center. (See Pub. Resources Code, §§ 48651, 48660.)